**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ERIK SIMS, | : | |
| Petitioner, | : | **OPINION** |
| v. | : | Civ. No. 11-2267 (WHW) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**Walls, Senior District Judge**

Eric Sims filed a Federal Rule of Civil Procedure 59(e) motion for reconsideration of the Court's April 11, 2012 Order. In that Order, the Court denied Sims' petition for a writ of habeas corpus to vacate, set aside, or correct his March 2010 sentence of 188 months. Under Federal Rule of Civil Procedure 78(b), the motion for reconsideration is decided without oral argument. Sims' motion for reconsideration is denied because there has been no intervening change in controlling law and there is no need to correct a clear error of law.

## FACTUAL AND PRODEDURAL HISTORY

In June 2009, Petitioner pled guilty to conspiring to possess with intent to distribute 100 grams or more of a substance containing heroin, in violation of 21 U.S.C. § 846. Crim. Case No. 09-419, June 8, 2009, ECF Nos. 14, 17-18. He pled pursuant to a plea agreement in which he waived his right to appeal or collaterally attack a sentence within the Guidelines offense level 31. Crim. Case No. 09-419, Plea Agreement Erik Sims, June 8, 2009, ECF No. 18. On March 25, 2010 he was sentenced to a term of 188 months, within the Guidelines level 31 range. Crim. Case No. 09-419, J. Erik Sims, March 31, 2010, ECF No. 21.

1

**NOT FOR PUBLICATION**

Sims filed a motion to vacate, set aside or correct his sentence on April 12, 2011, which was denied on April 11, 2012. He then timely filed this motion for reconsideration on April 16, 2012 (according to the prison mailbox rule). He argues that the Court failed to adjudicate his claim that his attorney's ineffective counsel resulted in waiver of his appeal rights. He also contends that the Supreme Court's decision in Missouri v. Frye, 132 S.Ct. 1399 (2012), requires reconsideration of the standard to determine the validity of a waiver of appeal rights.

## STANDARD OF REVIEW

The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted). Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Gutierrez v. Ashcroft, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (citations omitted).

## DISCUSSION

Sims' motion does not contain new evidence; he appears to be asserting that the Court clearly erred in its April 2012 Order by failing to adjudicate one of his claims. He argues that his plea bargain and the accompanying waivers should be invalidated due to ineffective assistance. He argues that counsel was ineffective because he failed to advise Sims that the Court could depart downward on the basis that his criminal history was overstated. Sims made both parts of

**NOT FOR PUBLICATION**

this argument in his original motion. The Court found that his plea was knowing and voluntary and did not work a miscarriage of justice. The Court also found that there was no prejudice stemming from Sims entering this agreement as opposed to an open plea. The Court found that the record was clear that it disagreed that Sims' criminal history was overstated. The Court would not have calculated Sims' criminal history lower had he entered an open plea.

Sims also attempts to assert a new legal argument, that Frye, 132 S.Ct. 1399, requires the court to apply a new standard to appellate rights waivers. Frye did not change the standard for ineffective assistance of counsel. Frye explained how to apply the standard to cases where counsel does not inform a defendant of a formal prosecution offer of a plea deal. Frye did not change the requirement that defendant demonstrate that ineffective assistance prejudiced him. Id. at 1399. The Court's April 2012 decision explained that Sims cannot show prejudice from his failure to enter an open plea, even if counsel failed to advise him of the option.

## CONCLUSION

Sims' motion for reconsideration is denied.

s/ William H. Walls
United States Senior District Judge